JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

B-00-131

The JS−44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BLANCA PERALES, Individually and As Next Friend of ANNA DELIA PERALES, a Minor, and ALMA DELIA PERALES, a Minor, and As Representative of the Estate of MARCO ANTONIO PERALES, Deceased and SARA MARTINEZ PERALES

## DEFENDANTS

BRIDGESTONE/FIRESTONE, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____ Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See attached.

ATTORNEYS (IF KNOWN)

See attached.

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | **SOCIAL SECURITY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 861 HIA (1395ff) | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 862 Black Lung (923) | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 863 DIWC/DIWW (405(g)) | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 864 SSID Title XVI | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 865 RSI (405(g)) | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | **FEDERAL TAX SUITS** | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | | |

(TORTS middle columns)

| PERSONAL INJURY | PERSONAL PROPERTY |
|---|---|
| ☐ 362 Personal Injury — Med. Malpractice | ☐ 370 Other Fraud |
| ☐ 365 Personal Injury — Product Liability | ☐ 371 Truth in Lending |
| ☐ 368 Asbestos Personal Injury Product Liability | ☐ 380 Other Personal Property Damage |
| | ☐ 385 Property Damage Product Liability |

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

☐ 871 IRS — Third Party 26 USC 7609

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332 diversity jurisdiction; civil action for damages allegedly received in automobile accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE ____    DOCKET NUMBER ____

DATE   8/24/00

SIGNATURE OF ATTORNEY OF RECORD   Joseph A. Ro___

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

B - 00 - 131

**Continuation of Civil Cover Sheet**

**I(c)  Attorneys:**

<u>Attorneys for Plaintiffs</u>:

      R. Bruce Tharpe
      State Bar No. 19823800
      Law Offices of Bruce Tharpe
      Professional Plaza
      715 East Frontage Road, Suite D
      Alamo, Texas 78516
      (956) 782-9946
      Fax (956) 782-9945

      Joe Valle
      State Bar No. Unknown
      1120 East 10th Street
      Brownsville, Texas 78520
      (956) 546-2829
      Fax (956) 542-4084

<u>Attorneys for Defendant</u>:

      Patrick Zummo
      State Bar No. 22293450
      Zummo, Mitchell & Perry, L.L.P.
      Three Allen Center
      333 Clay, Suite 4100
      Houston, Texas 77002
      (713) 651-0590
      Fax (713) 651-0597

      Joseph A. (Tony) Rodriguez
      State Bar No. 17146600
      Federal Admissions No. 7630
      Rodriguez, Colvin & Chaney, L.L.P.
      1201 East Van Buren
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      Fax (956) 541-2170

CHMPDF - www.fasisy.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 2 4 2000**

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BLANCA PERALES, Individually and | * |
| As Next Friend of ANNA DELIA | * |
| PERALES, a Minor, and ALMA DELIA | * |
| PERALES, a Minor, and As | * |
| Representative of the Estate of MARCO | * |
| ANTONIO PERALES, Deceased, and | * |
| SARA MARTINEZ PERALES | * |
| | * |
| VS. | * |
| | * |
| BRIDGESTONE/FIRESTONE, INC. | * |

CIVIL ACTION NO. B - 00 - 131

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW BRIDGESTONE/FIRESTONE, INC., Defendant in the above entitled and numbered cause, and files this its Notice of Removal of the present cause from the 107th Judicial District Court of Brownsville County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 107th Judicial District Court of Cameron County, Texas on July 25, 2000, when Plaintiffs' Original Petition was filed in Cause Number 2000-07-3062-A. A copy of Plaintiffs' Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.      Defendant Bridgestone/Firestone, Inc. was served with a copy of the Plaintiffs' Original Petition on August 2, 2000. A copy of the Citation served on Defendant indicating date of service is attached hereto and incorporated herein for all purposes.

3.      This is a civil action for damages and injuries allegedly incurred by Plaintiffs in an automobile accident on or about May 30, 1999. Plaintiffs allege causes of action for negligence, strict liability, and gross negligence.

4.      Plaintiffs allege in Plaintiffs' Original Petition that they are residents of Brownsville, Cameron County, Texas.  Plaintiffs are therefore citizens of Texas.

5.      Defendant Bridgestone/Firestone, Inc. is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Ohio.

6.      For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

7.      Defendant would further show the Court that while Plaintiffs have not set forth a specific amount of damages which they are seeking in Plaintiffs' Original Petition, based on the injuries and damages alleged in Plaintiffs' pleadings, Plaintiffs are seeking to recover from Defendant damages well in excess of $75,000.00.

8.      Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiffs and their counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

9.      This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiff's Original Petition on Defendant and within one year of the initial filing of the lawsuit.

10.      Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 107th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

ZUMMO, MITCHELL & PERRY, L.L.P.

By: _____

         Patrick Zummo
Attorney-in-Charge
State Bar No. 22293450
Three Allen Center
333 Clay, Suite 4100
Houston, Texas 77002
(713) 651-0590
Fax (713) 651-0597


RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

         Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal Admissions No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> R. Bruce Tharpe
> Law Offices of Bruce Tharpe
> Professional Plaza
> 715 East Frontage Road, Suite D
> Alamo, Texas 78516
> Attorneys for Plaintiffs

> Joe Valle
> 1120 East 10th Street
> Brownsville, Texas 78520
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 24th day of August, 2000.

_____
Joseph A. (Tony) Rodriguez

RUN DATE 08/24/00
RUN TIME 1:26 PM

* * *   C L E R K ' S   E N T R I E S   * * *

BLANCA PERALES

VS

BRIDGESTONE FIRESTONE, INC.

00505001                                                    (01)
R. BRUCE THARPE
715 E. FRONTAGE, STE D
ALAMO, TEXAS        78516 0000        WRONGFUL DEATH

07/25/00  ORIGINAL PETITI
07/25/00  CITATION: BRIDG
07/25/00   SERVED: 08/0

**2.02**    Defendant **BRIDGESTONE/FIRESTONE, INC.**, is a corporation doing business in the State of Texas and in Cameron County, Texas, and may be served with process through its registered agent for service: C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.  Service by registered mail is requested.

## III.
## VENUE AND JURISDICTION

**3.01**    Plaintiffs are citizens of the State of Texas and Defendant is corporation doing business in Cameron County, Texas.  Further, the incident upon which this lawsuit is based occurred in Cameron County, Texas therefore venue and jurisdiction is proper.

## IV.
## FACTS AND CAUSES OF ACTION

**4.01**    On or about May 30, 1999, **MARCO ANTONIO PERALES** (*"Decedent"*) was driving his 1976 Ford Ranger pickup truck South on U.S. 77 near Brownsville, Cameron County, Texas when suddenly, unexpectedly, and without warning, the back left tire blew out causing the Decedent's vehicle to veer out of control and overturn.  As a result of the accident, which was proximately caused by the defective design and/or lack of warnings on the tire in question, Decedent was killed.

**4.02**    Decedent was the husband of Plaintiff **BLANCA PERALES** and the father of Minor-Plaintiffs **ANNA DELIA PERALES, a Minor and ALMA DELIA PERALES** who were the Decedent's daughters.  Prior to his death, the Decedent suffered damages including, but not limited to, severe pain and suffering, mental anguish, shock, trauma, fear, anxiety, stress and helplessness.

**4.03**    Except as otherwise set forth in this petition, the subject tire was in the same condition at the time Decedent was injured as it was when it was originally manufactured, placed into the stream of commerce, and at the time it was sold.

**4.04**    Defendant **BRIDGESTONE/FIRESTONE, INC.** was negligent in designing, manufacturing and marketing the subject tire.  Defendant **BRIDGESTONE/FIRESTONE, INC.** was further negligent in failing to warn consumers about the danger of utilizing tires after the expiration of a specific date, failed to date-stamp the tire in question to advise the Decedent as to the age of the tire, and failed to post any warnings whatsoever on the tire with regard to its safe use.

**4.05**    Decedent did not receive sufficient warning or notice with respect to the defective condition or age of the subject tire.

**4.06**    Defendant knew or should have known that the subject tire was unfit and unsafe to operate on public highways.  Defendant knew, or in the exercise of due care, should have known, that the subject tire would create an unreasonable risk of danger to person, property, and to the general public.

**4.07**    Plaintiffs cannot more specially allege the acts of negligent manufacture or design on the part of Defendant for the reason that the facts in that regard are peculiarly within the knowledge of said Defendant, and, in the alternative, in the event the Plaintiffs are unable to prove specific acts of negligent design or manufacture, the Plaintiff rely on the doctrine of res ipsa loquitur.  In this connection, the Plaintiffs will show that the design, manufacture, and/or marketing of the subject tire, were within method or manner in which the products were designed

and manufactured, and it came into the possession of the Decedent in the same condition it was

in when it left the control of Defendant.  The occurrence causing fatal injury to the Decedent was

one which, in the ordinary course of events, would not have occurred without the negligence on

the part of the Defendant.

## V.
## CONDITION PRECEDENT

**5.01**    All conditions precedent to the filing of this suit and the recovery of the items

prayed for below, have occurred and been performed.

## VI.
## PROXIMATE CAUSE

**6.01**    The actions described in the preceding paragraphs are, individually and

collectively, the proximate cause and a producing cause of the above-described incident

and the damages to Decedent and Plaintiffs as set forth above.

## VII.
## DAMAGES

**7.01**    As a proximate result of the Defendant's conduct, as described in the preceding

paragraphs, **MARCO ANTONIO PERALES** died after experiencing conscious pain and

suffering, shock, mental suffering, anxiety, fear and trauma.  The Estate of **MARCO ANTONIO**

**PERALES** has paid or incurred liability to pay reasonable and necessary charges for medical

care and has additionally paid or incurred liability to pay a reasonable and customary charge for

funeral and burial.  The Estate of **MARCO ANTONIO PERALES** has suffered loss of earning

capacity and contribution of a pecuniary value that they would, in reasonable probability, have

received had **MARCO ANTONIO PERALES** lived.  By reason of all of the above foregoing,

the Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

7.02    As a result of the untimely death of **MARCO ANTONIO PERALES, BLANCA PERALES** has suffered pecuniary loss from the death her husband including loss of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that she would, in reasonable probability, have received from her husband during his lifetime had he lived.  In addition, she has suffered shock, trauma, loss of his independence, grief, anger, fear, anxiety, stress and destruction of the husband/wife relationship.  She has suffered physical pain and suffering, severe mental anguish, grief and sorrow, emotional distress, bereavement, grief, sorrow, loss of enjoyment of life, loss to the capacity to perform and enjoy the activities of life, loss of nurture, companionship, affection, love, society, loss of monetary contribution, shock, trauma, loss of his independence, anger fear, anxiety and stress as a result of the death of her husband and are likely to continue to so suffer for a long time in the future.  For these losses, **BLANCA PERALES** seeks damages in the sum in excess of the minimum jurisdictional limits of this Court.

7.03    As a result of the untimely death of her father **MARCO ANTONIO PERALES,** Minor-Plaintiff **ANNA DELIA PERALES** has suffered pecuniary loss from the death of her father including loss of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that she would, in reasonable probability, have received from her father during her lifetime had he lived.  In addition, she has suffered shock, trauma, loss of independence, grief, anger, fear, anxiety, stress and destruction of the mother/daughter relationship.  She has suffered physical pain and suffering, severe mental anguish, grief and sorrow, emotional distress,

bereavement, grief, sorrow, loss of enjoyment of life, loss of the capacity to perform and enjoy the activities of life, loss of nurture, companionship, affection, love, society, loss of monetary contribution, shock, trauma, loss of independence, anger, fear, anxiety, and stress as a result of the death of her father and are likely to continue to suffer for a long time in the future. For these losses, **ANNA DELIA PERALES** seeks damages in a sum in excess of the minimum jurisdictional limits of this Court.

**7.04**    As a result of the untimely death of her father **MARCO ANTONIO PERALES**, Minor-Plaintiff **ALMA DELIA PERALES** has suffered pecuniary loss from the death of her father including loss of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that she would, in reasonable probability, have received from her father during her lifetime had he lived. In addition, she has suffered shock, trauma, loss of independence, grief, anger, fear, anxiety, stress and destruction of the mother/daughter relationship. She has suffered physical pain and suffering, severe mental anguish, grief and sorrow, emotional distress, bereavement, grief, sorrow, loss of enjoyment of life, loss of the capacity to perform and enjoy the activities of life, loss of nurture, companionship, affection, love, society, loss of monetary contribution, shock, trauma, loss of independence, anger, fear, anxiety, and stress as a result of the death of her father and are likely to continue to suffer for a long time in the future. For these losses, **ALMA DELIA PERALES** seeks damages in a sum in excess of the minimum jurisdictional limits of this Court.

**7.05**    As a result of the untimely death of her father **MARCO ANTONIO PERALES**, Plaintiff **SARA MARTINEZ PERALES** has suffered pecuniary loss from the death of her son including loss of care, maintenance, support, services, advice, counsel and

contributions of a pecuniary value that she would, in reasonable probability, have received from her son during her lifetime had he lived. In addition, she has suffered shock, trauma, loss of independence, grief, anger, fear, anxiety, stress and destruction of the mother/son relationship. She has suffered physical pain and suffering, severe mental anguish, grief and sorrow, emotional distress, bereavement, grief, sorrow, loss of enjoyment of life, loss of the capacity to perform and enjoy the activities of life, loss of nurture, companionship, affection, love, society, loss of monetary contribution, shock, trauma, loss of independence, anger, fear, anxiety, and stress as a result of the death of her son and are likely to continue to suffer for a long time in the future. For these losses, **SARA MARTINEZ PERALES** seeks damages in a sum in excess of the minimum jurisdictional limits of this Court.

7.06    Additionally, all Plaintiffs have suffered loss of inheritance that, in all reasonable probability, Decedent would have left to them by will or inheritance. For this reason, Plaintiffs seek damages in a sum in excess of the minimum jurisdictional limits of this Court.

7.07    The conduct described in the preceding paragraphs was willful, intentional, malicious, reckless, in bad faith, consciously indifferent, and/or grossly negligent. Therefore, in additional to actual or compensatory damages, Plaintiffs are entitled to an award of exemplary or punitive damages against Defendants.

## VIII.
## CAPACITY

8.01    Plaintiffs are suing each Defendant in all capacities in which they are entitled to recover.

## IX.
## ATTORNEYS' FEES

**9.01**    As a result of the behavior described herein and based on the cause of action set forth above, Plaintiffs have been required to obtain the service of attorneys for the purposes of asserting their legal rights and recovering just compensation for the harm suffered by them.  In accordance with Tex. Civ. Prac. And Rem. Code ann. § 38.001 (Vernon 1979). Plaintiffs make further claim for reasonable attorneys' fees for services rendered and to be rendered with further conditional amount to be recovered in the event of appeal.

## X.
## JURY DEMAND

**10.01**    Plaintiffs demand that this cause be heard by a jury.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that:

1.    Defendant be cited to appear and answer in this case.

2.    Defendant be ordered to pay, jointly and severally, Plaintiffs damages for past and future loss of income, benefits and other incident of employment, and compensation for past and future mental and physical pain and suffering and mantel anguish and emotional distress caused by defendants' acts in an amount which is in excess of the minimum jurisdictional limits of this Court;

3.    Defendant be ordered to pay, jointly and severally, exemplary damages in such amount as may be awarded the discretion of the jury;

4.    Defendant be ordered to pay, jointly and severally, interest before and after judgment at the maximum rate permitted by law;

5.    Defendant be ordered to pay, jointly and severally, Plaintiffs' reasonable attorneys' fees and costs of litigation; and that

6.    The Court orders such other and further relief as is proper and just.

Respectfully submitted,

R. Bruce Tharpe
Texas State Bar ID No. 19823800
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage Road, Suite D.
Alamo, TX  78516
(956) 782-9946
(956) 782-9945

Joe Valle
ATTORNEY AT LAW
1120 East 10th Street
Brownsville, TX 78520
(956) 546-2829
(956) 542-4084 -- Fax

**PLAINTIFFS' COUNSEL**

Citation for Personal Service - <u>NON-RESIDENT NOTICE</u>    Lit. Seq. # <u>5.006.01</u>

No. <u>2000-07-003062-A</u>

# ORIGINAL

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BRIDGESTONE FIRESTONE, INC.
BY SERVING IT'S REGISTERED
AGENT FOR SERVICE
C.T. CORPORATION SYTEMS
350 N. ST PAUL STREET, DALLAS, TEXAS 75201

FILED _____ _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

AUG 17 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____
Rosie Sotelo

the       DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>107th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on <u>JULY 25, 2000</u> .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-07-003062-A</u>.

The style of the case is:

BLANCA PERALES
VS.
BRIDGESTONE FIRESTONE, INC.

Said petition was filed in said court by _____ R. BRUCE THARPE _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
<u>715 E. FRONTAGE, STE D ALAMO, TEXAS  78516</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>25th</u> day of <u>JULY</u> , A.D. <u>2000</u>.

## R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ____.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

_____
Sheriff/constable _____ County,

By _____ Deputy

# OFFICERS RETURN OF SERVICE

CASE # 200007003062~A

COURT 107
Clt. Ref.#

Clt.#   7172

, BLANCA PERALES, ET AL

VS

BRIDGESTONE/FIRESTONE, INC.

The documents came to our hand for service on 08/01/00  Time: 11:45:13

Documents received for service:

**CITATION; PLAINTIFFS' ORIGINAL PETITION**

The documents were delivered on **08/03/00  Time: 15:20:00**

Executed at: 350 N. St. Paul St., #2900
             Dallas, TX 75201

to the following: **Bridgestone Firestone, Inc.**
**By Delivering To Its' Registered Agent, CT Corporation Syste**
**M--Accepted By Tiffany Wortham**

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST CLERK
AUG 17 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY
Rosie Sotelo

✓ PERSONALLY delivering the document to the person above.
____ SUBSTITUTE SERVICE per Order by delivering to _____ in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas RULES
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____

Witness Fee Tendered:_____

STATE OF TEXAS}

Dwight Mullen
Professional Civil Process Dallas, Inc.
714 Jackson St., Suite 930
Dallas, Texas 75202

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this 11 day of AUG 2000.

PCP Inv.# D0800  13

NOTARY PUBLIC SIGNATURE



PETER S. ARMSTRONG
MY COMMISSION EXPIRES
April 16, 2003

# CAUSE NO. 2000-07-3062-A

| | | |
|---|---|---|
| BLANCA PERALES, ET AL | § | IN  THE  DISTRICT  COURT |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | 10TH  JUDICIAL  DISTRICT |

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST CLERK
AUG 2 4 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ _____ DEPUTY
Rosie Sotelo

## ORIGINAL ANSWER OF DEFENDANT BRIDGESTONE/FIRESTONE, INC.

TO THE HONORABLE JUDGE OF SAID  COURT:

Bridgestone/Firestone, Inc. ("defendant") hereby answers Plaintiff's Original Petition in the above case as follows:

### I.

As permitted by Rule 92 of the Texas Rules of Civil Procedure, defendant generally denies the allegations of Plaintiff's Original Petition.

### II.

Defendant reserves the right to amend this answer as permitted by the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, defendant Bridgestone/Firestone, Inc. prays that plaintiff take nothing, that plaintiff's action be dismissed with prejudice, and that defendant recover its costs of Court and such other and further relief  to which it may be justly entitled.

Respectfully submitted,

ZUMMO, MITCHELL & PERRY, L.L.P.

By:_____

Patrick Zummo
State Bar No. 22293450
Three Allen Center
333 Clay, Suite 4100
Houston, Texas 77002
Telephone:  (713) 651-0590
Facsimile:  (713) 651-0597

Joseph A. "Tony" Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
State Bar No. 17146600
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 541-7441
(956) 541-2170 (Facsimile)

ATTORNEYS FOR DEFENDANT
BRIDGESTONE/FIRESTONE, INC.


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been forwarded to all counsel of record listed below by the method of service indicated, on August 23, 2000.

| | |
|---|---|
| R. Bruce Tharpe | Joe Valle |
| Law Offices of Bruce Tharpe | Attorney at Law |
| Professional Plaza | 1120 East 10th Street |
| 715 E. Frontage Road, Suite D | Brownsville, Texas 78520 |
| Alamo, Texas 78516 | Telephone:     (956) 546-2829 |
| Telephone:     (956) 782-9946 | Facsimile:     (956) 542-4084 |
| Facsimile:     (956) 782-9945 | |

Patrick Zummo

2

## CAUSE NO. 2000-07-3062-A

| | | |
|---|---|---|
| BLANCA PERALES, Individually and | * | IN THE DISTRICT COURT |
| As Next Friend of ANNA DELIA | * | |
| PERALES, a Minor, and ALMA DELIA | * | |
| PERALES, a Minor, and As | * | |
| Representative of the Estate of MARCO | * | |
| ANTONIO PERALES, Deceased, and | * | |
| SARA MARTINEZ PERALES | * | CAMERON COUNTY, TEXAS |
| | * | |
| VS. | * | |
| | * | |
| BRIDGESTONE/FIRESTONE, INC. | * | 107th JUDICIAL DISTRICT |

### NOTICE TO THE DISTRICT CLERK OF FILING
### OF NOTICE OF REMOVAL

TO:   HONORABLE AURORA DE LA GARZA
      Cameron County District Clerk
      Cameron County Courthouse
      974 East Harrison
      Brownsville, Texas 78520

You will please take notice that Defendant Bridgestone/Firestone, Inc. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled: <u>Blanca Perales, Individually and As Next Friend of Anna Delia Perales, a Minor, and Alma Delia Perales, a Minor, and As Representative of the Estate of Marco Antonio Perales, Deceased, and Sara Martinez Perales v. Bridgestone/Firestone, Inc.</u>, originally filed in the 107th Judicial District Court of Cameron County, Texas, Cause Number 2000-07-3062-A, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 107th Judicial District Court of Cameron County to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through their attorney, on this the 24 day of August, 2000.

Respectfully submitted,

ZUMMO, MITCHELL & PERRY, L.L.P.

By: _____
       Patrick Zummo
Attorney-in-Charge
State Bar No. 22293450
Three Allen Center
333 Clay, Suite 4100
Houston, Texas 77002
(713) 651-0590
Fax (713) 651-0597


RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
       Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal Admissions No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

> R. Bruce Tharpe
> Law Offices of Bruce Tharpe
> Professional Plaza
> 715 East Frontage Road, Suite D
> Alamo, Texas 78516
> Attorneys for Plaintiffs
>
> Joe Valle
> 1120 East 10th Street
> Brownsville, Texas 78520
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 24th day of August, 2000.

Joseph A. (Tony) Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BLANCA PERALES, Individually and   *
As Next Friend of ANNA DELIA   *
PERALES, a Minor, and ALMA DELIA   *
PERALES, a Minor, and As   *
Representative of the Estate of MARCO *
ANTONIO PERALES, Deceased, and   *
SARA MARTINEZ PERALES   *
  *
VS.   *
  *
BRIDGESTONE/FIRESTONE, INC.   *

CIVIL ACTION NO. B-00-131

## NOTICE TO THE PLAINTIFFS OF FILING
## OF NOTICE OF REMOVAL

TO:   BLANCA PERALES, Individually and As Next Friend of ANNA DELIA
PERALES, a Minor, and ALMA DELIA PERALES, a Minor, and As
Representative of the Estate of MARCO ANTONIO PERALES, Deceased,
and SARA MARTINEZ PERALES, Plaintiffs, and their attorneys:

R. Bruce Tharpe
Law Offices of Bruce Tharpe
Professional Plaza
715 East Frontage Road, Suite D
Alamo, Texas 78516

Joe Valle
1120 East 10th Street
Brownsville, Texas 78520

PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby
notified that on the 24 day of August, 2000, in the above styled and numbered cause
(being Cause Number 2000-07-3062-A in the 107th Judicial District Court of Cameron
County, Texas), BRIDGESTONE/FIRESTONE, INC. filed its Notice of Removal in the
United States District Court for the Southern District of Texas, Brownsville Division.
Copies of such Notice and other papers so filed are attached hereto.

Respectfully submitted,

ZUMMO, MITCHELL & PERRY, L.L.P.

By: _____

Patrick Zummo
Attorney-in-Charge
State Bar No. 22293450
Three Allen Center
333 Clay, Suite 4100
Houston, Texas 77002
(713) 651-0590
Fax (713) 651-0597


RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal Admissions No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE, INC.

United States District Court
Southern District of Texas
FILED

AUG 2 4 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BLANCA PERALES, Individually and &ast;
As Next Friend of ANNA DELIA &ast;
PERALES, a Minor, and ALMA DELIA &ast;
PERALES, a Minor, and As &ast;
Representative of the Estate of MARCO&ast;
ANTONIO PERALES, Deceased, and &ast;
SARA MARATINEZ PERALES &ast;
&ast;
VS. &ast;
&ast;
BRIDGESTONE/FIRESTONE, INC. &ast;

CIVIL ACTION NO. _____

B - 00 - 131

## INDEX OF ATTORNEYS

1.  R. Bruce Tharpe
    State Bar No. 19823800
    Law Offices of Bruce Tharpe
    Professional Plaza
    715 East Frontage Road, Suite D
    Alamo, Texas 78516
    (956) 782-9946
    Fax (956) 782-9945
    Attorneys for Plaintiffs

2.  Joe Valle
    State Bar No. Unknown
    1120 East 10th Street
    Brownsville, Texas 78520
    (956) 546-2829
    Fax (956) 542-4084
    Attorneys for Plaintiffs

3.  Patrick Zummo
    State Bar No. 22293450
    Zummo, Mitchell & Perry, L.L.P.
    Three Allen Center
    333 Clay, Suite 4100
    Houston, Texas 77002
    (713) 651-0590
    Fax (713) 651-0597
    Attorneys for Defendant Bridgestone/Firestone, Inc.

4.      Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal Admissions No. 7630
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
Attorneys for Defendant Bridgestone/Firestone, Inc.

United States District Court
Southern District of Texas
FILED

AUG 2 4 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BLANCA PERALES, Individually and   *
As Next Friend of ANNA DELIA       *
PERALES, a Minor, and ALMA DELIA   *
PERALES, a Minor, and As           *
Representative of the Estate of MARCO *
ANTONIO PERALES, Deceased, and     *
SARA MARTINEZ PERALES              *
                                   *
VS.                                *
                                   *
BRIDGESTONE/FIRESTONE, INC.        *

B-00-131

CIVIL ACTION NO. _____

## INDEX OF DOCUMENTS FILED

1.  Civil Cover Sheet

2.  Notice of Removal with following attachments:

    a.  State Court's Docket Sheet
    b.  Plaintiffs' Original Petition
    c.  Citation for Defendant Bridgestone/Firestone, Inc.
    d.  Original Answer of Defendant Bridgestone/Firestone, Inc.

3.  Notice to Plaintiffs of Filing of Notice of Removal

4.  Notice to District Clerk of Filing of Notice of Removal

5.  Index of Attorneys

6.  Index of Documents Filed

7.  Order for Conference and Disclosure of Interested Parties

2

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

Blanca Perales, et al §
§
*versus*                             §       CIVIL ACTION B-
§
Bridgestone/Firestone, Inc.          §

**B - 00 - 131**

United States District Court
Southern District of Texas
FILED

**AUG 2 4 2000**

Michael N. Milby
Clerk of Court

## Order Setting Conference

1.      Counsel shall appear for an initial pretrial conference:

### January 16, 2001 at 1:30 p.m.

Before the Honorable Hilda G. Tagle
United States District Judge
Third Floor-Courtroom No. 3
United States Courthouse
600 E. Harrison Street, #306
Brownsville, Texas 78520

2.      Within 15 days of receiving this order, counsel must file a list of all entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations. When a group description is effective disclosure, an individual listing is not necessary. Underline the name of corporations with publicly traded securities. Counsel must promptly amend the list when parties are added or additional interested parties are identified.

3.      The plaintiff must serve the defendant within 120 days of filing the complaint. The plaintiff's failure to file proof of service within that time may result in dismissal by the court on its own initiative. *See* Rule 4(m).

4.      At least 14 days before the conference, counsel must file a joint case management plan with the identity and purpose of witnesses, sources and types of documents, and other requirements for a prompt and inexpensive preparation of this case for disposition by motion or trial. *See* Fed R. Civ. P. Rule 26(f).

5.      The parties may agree on additional deadlines for completion of pretrial matters and bring a proposed Scheduling and Docket Control Order with them to the initial pretrial conference.

6.      By the conference, counsel will have interviewed their clients and read the documents; readily available documents will have been exchanged at the plan meeting at the latest.

7.      The court will set a schedule for initial preparation and may rule on motions pending or made at the conference.

8.      Counsel who file or remove an action must serve a copy of this order on the other parties.

9.      Counsel who appears at the conference must have authority to bind the client and must know the facts.

10.      Counsel must have discussed alternative dispute resolution with their clients and each other; at the conference, the court will consider whether a method of ADR is suited to this case.

11.      Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of expenses.

BY THE ORDER OF THE COURT