5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BLANCA PERALES, Individually and As Next Friend of ANN DELIA PERALES, a Minor, and ALMA DELIA PERALES, a Minor, and As Representative of the Estate of MARCO ANTONIO PERALES, Deceased, and SARA MARTINEZ PERALES | § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-131 |
| BRIDGESTONE/FIRESTONE, INC. | § § | |

# PLAINTIFFS' DISCLOSURE RESPONSES PURSUANT TO RULE 26 (a) (1)-(2)

TO: Defendant **BRIDGESTONE/FIRESTONE, INC.** by and through their attorney of record: Mr. Patrick Zummo of ZUMMO, MITCHELL & PERRY, L.L.P., Three Allen Center, 333 Clay, Suite 4100, Houston, Texas 77002.

COMES NOW, **BLANCA PERALES, Individually and As Next Friend of ANN DELIA PERALES, a Minor, and ALMA DELIA PERALES, a Minor, and As Representative of the Estate of MARCO ANTONIO PERALES, Deceased, and SARA MARTINEZ PERALES,** Plaintiffs in the above numbered cause and file these Discovery Responses pursuant to Rule 26 (a) (1)-(2) of the Texas Rules of Federal Procedure.

Respectfully submitted,

_R. Bruce Tharpe_ (signature)
R. Bruce Tharpe
Federal Bar ID No. 13098
Texas State Bar ID No. 19823800

LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 -- Fax
PLAINTIFF'S COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Disclosure Responses Pursuant to Rule 26(a)(1)–(2) has been served upon all counsel and parties of record by depositing same in the U.S. mail, postage prepaid, on this 15th day of November, 2000 addressed as follows:

Mr. Patrick Zummo
ZUMMO, MITCHELL & PERRY, L.L.P.
Three Allen Center
333 Clay, Suite 4100
Houston, Texas 77002

Mr. Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522

Mr. Joe Valle
ATTORNEY AT LAW
1120 East 10th Street
Brownsville, Texas 78520

_____
R. Bruce Tharpe

**(1)   Initial Disclosures**

A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of information;

Response:

Blanca Perales
2624 Delia Street
Brownsville, Texas 78521

Plaintiff / Widow of Deceased, Marco Antonio Perales, may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit.

Ann Delia Perales
2624 Delia Street
Brownsville, Texas 78521

Plaintiff / minor daughter of Deceased, Marco Antonio Perales, may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit.

Alma Delia Perales
2624 Delia Street
Brownsville, Texas 78521

Plaintiff / minor daughter of Deceased, Marco Antonio Perales, may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit.

Sara Martinez Perales
2624 Delia Street
Brownsville, Texas 78521

Plaintiff / mother of Deceased, Marco Antonio Perales, may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit.

Trooper E. Escalon
ID No. 9388
and/or Custodian of Records

Investigating officer, may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit, including but not limited to proximate cause of the accident.

Unidentified Personnel
and/or Custodian of Records
Valley Baptist Medical Center

Hospital where deceased was taken after the accident, personnel may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit.

Unidentified Personnel
and/or Custodian of Records
Trevino's Funeral Home

Funeral home where deceased was taken after his death, personnel may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit.

Unidentified Ambulance / EMS Personnel
and/or Custodian of Records

EMS personnel who may have responded to the accident scene, personnel may have knowledge of relevant facts pertaining to the incident made basis of this lawsuit.

Pathologist
and/or Custodian of Records
Valley Baptist Medical Center

May have knowledge of relevant facts pertaining to the deceased, Marco Antonio Perales, and the autopsy performed on the decedent.

Unidentified Personnel
and/or Custodian of Records
Brownsville Herald
1135 E. Van Buren
Brownsville, Texas 78520

May have knowledge of relevant facts, including but not limited to, the incident resulting in the death of the deceased, Marco Antonio Perales, and resulting damages.

Emma Perez-Trevino
Brownsville Herald
1135 E. Van Buren
Brownsville, Texas 78520

Newspaper reporter, may have knowledge of relevant facts, including but not limited to, the incident resulting in the death of the deceased, Marco Antonio Perales, and resulting damages.

Unidentified Personnel
and/or Custodian of Records
KGBT-TV Channel 4
9201 West Expressway 83
Harlingen, Texas
(956) 421-4444

May have knowledge of relevant facts, including but not limited to, the incident resulting in the death of the deceased, Marco Antonio Perales, and resulting damages.

Unidentified Personnel
and/or Custodian of Records
KRGV-TV Channel 5
900 E. Expressway
Weslaco, Texas
(956) 968-5555

May have knowledge of relevant facts, including but not limited to, the incident resulting in the death of the deceased, Marco Antonio Perales, and resulting damages.

Patricia Guillermo
KRGV-TV Channel 5
900 E. Expressway
Weslaco, Texas
(956) 968-5555

Television news reporter, may have knowledge of relevant facts, including but not limited to, the incident resulting in the death of the deceased, Marco Antonio Perales, and resulting damages.

Unidentified Personnel
and/or Custodian of Records
CBS News

May have knowledge of relevant facts, including but not limited to, the proximate case of the incident made basis of this lawsuit and/or the issue of gross negligence.

Ms. Sharyl Attkinson
CBS News

CBS News Reporter, may have knowledge of relevant facts, including but not limited to, the proximate case of the incident made basis of this lawsuit and/or the issue of gross negligence.

Unidentified Personnel
and/or Custodian of Records
ABC News

May have knowledge of relevant facts, including but not limited to, the proximate case of the incident made basis of this lawsuit and/or the issue of gross negligence.

Unidentified Personnel
and/or Custodian of Records
NBC News

May have knowledge of relevant facts, including but not limited to, the proximate case of the incident made basis of this lawsuit and/or the issue of gross negligence.

Alan Hogan
Wilson, NC

Former Firestone employee at the plant where the tire in question was manufactured. May have knowledge of relevant facts, including but not limited to, the proximate case of the incident made basis of this lawsuit and/or the issue of gross negligence.

Morris M. Dingman
and/or Custodian of Records
Tire Technology, Ltd.
744 Menlo Park
Hartville, Ohio 44632

Plaintiff's tire expert who is expected to testify regarding matters, including but not limited to, his opinion as to the proximate cause of the accident and resulting fatality related to tire defectiveness.

Unidentified Personnel
and/or Custodian of Records
Valley Towing

May have knowledge of relevant facts, including but not limited to, the proximate case of the incident made basis of this lawsuit and/or the issue damages.

Unidentified Personnel
National Transportation and Safety Board (NTSB)

May have knowledge of relevant facts, including but not limited to, the proximate case of the incident made basis of this lawsuit as it relates to tire defectiveness.

B) a copy of, or a description by category and location of all documents, data complications, and tangible things in the possession, custody or control of the party relevant to the disputed facts alleged with particularity in the pleadings;

Response: See attached. Plaintiffs reserve the right to supplement after further discovery is completed.

C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

Response: Plaintiffs have suffered both economic and non-economic damages that cannot be given an amount and will be left up to a jury to decide at trial.

D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, which may be entered in the action or indemnify or reimburse for all payments made to satisfy the judgment.

Response: Plaintiffs have no documents or other items responsive to this request.

(2). Disclosure of Expert Testimony

    A) In addition to the disclosures required to paragraph (1), a party shall disclose to other parties the identity of any other person who may be used in trial to present evident under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Response:

Morris M. Dingman
and/or Custodian of Records
Tire Technology, Ltd.
744 Menlo Park
Hartville, Ohio 44632

Plaintiff's tire expert who is expected to testify regarding matters, including but not limited to, his opinion as to the proximate cause of the accident and resulting fatality related to tire defectiveness.

No experts have been retained at this time with regard to the accident reconstruction issue. Plaintiffs reserve the right to supplement after further discovery is completed.

B) Except as to otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study of the testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Response: The report of Plaintiffs' tire expert has been attached. Plaintiffs reserve their right to supplement this request with the report of the accident reconstructionist pursuant to the provisions of Rule 26(e) 1-2, of the Texas Rules of Federal Procedure.

# TIRE TECHNOLOGY, LTD.

744 MENLO PARK
HARTVILLE, OH 44632

TELEPHONE: (800) 655-0082
FAX: (330) 877-0082

March 17, 2000

Joe Valle, Esq.
1120 East Tenth Street
Brownsville, TX 78520

      Re: Marco Antonio Perales

Dear Attorney Valle:

At your request, I inspected the failed tire from the vehicle involved in the mishap that occurred on May 30, 1999, and recorded by the Texas peace officers accident report.

MATERIALS
The tire and following items were received on December 17, 1999:
    1. One (1) tires, as follows:
        Firestone Steel Radial 721
        LR78R15, Load Range "C"
        Serial number: DOT W2V4 1BU 508
    2. Rim with valve stem and one (1) 1.5 oz. balance weight on the stem side.
    3. One (1) plastic bag containing twelve (12) tire fragments.
The tire was mounted on the rim and inflated to 28psi when received.

FINDINGS
Visual examination of this tire revealed the following items:
    1. The tread fragments were from at least five (5) tires. Two (2) fragments had the proper wire configuration for this tire.
    2. The "LR78R15" tire size designation was replaced by the "P235R15" tire size in the late 1970's and early 1980's. The serial number on this tire has a date code of 508, which means the tire was cured during the 50th week of a year ending in eight "8".
    3. The first two characters of the serial number (W2) are a code for the plant of manufacture. In this case the manufacturer and plant location are:
        Bridgestone/Firestone Inc.
        Firestone Brand
        Firestone Parkway
        Wilson, NC 27893
    4. The rubber hardness was measured with a durometer:
        Belt skim coat      82+      Normal range: 78 to 80
        Tread rubber      84 to 86    Normal range: 78 to 80
    5. The tread groove depth, as measured on the tread fragment, was 7/32" at the center grooves to 10/32" at the outer grooves.
    6. The tread fragments had severe groove cracking.
    7. The sidewall rubber had severe cracking (weathering).
    8. Rust formation was found on the steel belt edges and exposed surface. The light-colored rust was of a powdery nature and most likely formed after the tread and top belt separated. The dark colored rust formed prior to the tread/belt separation.

Joe Valle, Esq.
March 17, 2000
Page 2

FINDINGS(Continued)

9. Several small areas of polished rubber were found on the top surface of the skim coat on the first (bottom) belt.

10. Single cotton cords were found on the top of the first (bottom) belt. These cords were uniformly spaced and followed the path of the steel cords.

11. From the photographs of the vehicle, it was noted that the other rims were of a custom or styled design while this tire was mounted on a conventional rim.

CONCLUSIONS AND OPINION

The following conclusions and opinions are based on a reasonable degree of engineering certainty, experience in tire engineering (both product development and manufacturing), and nondestructive analysis of the failed tire.

1. This tire was most probably manufactured in 1978 based on the size nomenclature historical trend in the tire industry.

2. This tire was probably used as a spare since it was mounted on a conventional rim while the other tires on the vehicle were mounted on stylish rims.

3. The rubber had advanced aging as shown by hardness measurements and presence of cracking.

4. The cotton cords on the steel belt were intended to permit the escapement of trapped air during the vulcanization process of the tire. However, this cotton cord will permit moisture too re-enter since this is a "wicking" cord.

It is my opinion based on experience in the tire industry, analysis of the failure, and engineering judgement that the causes of the accident in question are the following:

1. This tire failed from a separation between the steel belt plies due to a deterioration in the strength of the rubber coating for the steel wires used in the manufacturing process.

2. The manufacturer of the tire not warning the ultimate user of the tire of this defect.

3. The manufacturer's failure to provide the ultimate user with a warning on the age of the tire.

Respectfully,


Morris M. Dingman

# TIRE TECHNOLOGY, LTD.

## CURRICULUM VITAE

### Morris M. Dingman, BSME

**EXPERIENCE:**
- Over twenty years tire engineering experience in product development and manufacturing

- Extensive tire engineering assignments in product design, product development, and technical services.

- Designed technical manufacturing procedures for the NASA Space Shuttle tires.

- Supervised product surveillance (x-ray) and FMVSS conformance testing at a manufacturing location.

- Conducted analysis of over 5,000 passenger and truck tires, 2,000 aircraft tires and 500 farm service tires from product development, production surveillance, performance testing and fleet testing

**EDUCATION:**
BSME, University of Michigan, Ann Arbor, Michigan
CME, General Motors Institute, Flint, Michigan

**EMPLOYMENT:**
Tire Technology, Ltd , Hartville, Ohio
   Consulting and tire failure analysis

The BFGoodrich Company
   Aerospace and Defense Division, Akron, Ohio
      Aircraft tire manufacturing
   Tire Division, Oaks, Pennsylvania
      Passenger and truck tire manufacturing
   Tire Division, Tuscaloosa, Alabama
      Passenger and truck tire manufacturing
   Tire Division, Akron, Ohio
      Tire design, product development

Chevrolet Division of General Motors Corporation
   Engine Plant, Flint, Michigan

CURRICULUM VITAE
Morris M Dingman
Page Two

## PROFESSIONAL AFFILIATIONS
Society of Automotive Engineers
American Society of Mechanical Engineers
Canton/Alliance/Massillon Region, ASME
Akron Rubber Group
National Academy of Expert Witnesses

## CONTINUING EDUCATION AND SEMINARS:

| | |
|---|---|
| 1998 | Clemson University: Tire Industry Conference |
| 1997 | Conference for Testifying & Consulting Experts. "Courtroom Communications: Qualifying and Testifying Under Daubert" |
| | Society of Automotive Engineers: "The Role of the Expert Witness in Product Liability Litigation" |
| | Clemson University: Tire Industry Conference |
| 1996 | Conference for Testifying & Consulting Experts: "Courtroom Communications: Attorneys and Experts working toward a Common Goal" |
| | Clemson University: Tire Industry Conference |
| 1995 | Conference for Testifying & Consulting Experts. "The Deposition Process: Understanding and Asserting Your Rights as an Expert" |
| 1994 | Conference for Testifying & Consulting Experts "Improving Communication Between Experts and Attorneys" |
| 1966-1988 | The BFGoodrich Company: Various tire engineering and related courses |

# TIRE TECHNOLOGY, LTD.

744 MENLO PARK, S W  
HARTVILLE, OH 44632

TELEPHONE: (800) 655-0082  
FAX: (330) 877-0082

## 1999 FEE SCHEDULE

**PRELIMINARY EXAMINATION:**

Per tire, inspected at my facility, and verbal report:

| | |
|---|---:|
| Passenger or light truck: | $ 600.00 |
| Truck: | 800.00 |
| Each additional tire examined on a case: | 150.00 |

**SHIPPING INSTRUCTIONS:** Federal Express or United Parcel Service (tracking service) are recommended. Please mark the evidence with your firm name before packing and shipping. Do not use Styrofoam "peanuts".  
Send all available accident information and preliminary fee by separate post.

**RETAINER:** (Non-refundable)                                    $2,000.00

If it is agreed that TIRE TECHNOLOGY, LTD. will act on behalf of a client, this fee, in addition to the Preliminary Examination fee, will constitute an agreement to represent that client on a specific case to the exclusion of others. Statements of charges will be mailed periodically unless otherwise required.

**FEES:**

| | |
|---|---:|
| Per hour office time: | 200.00 |
| Travel time, per hour: | 100.00 |
| Depositions and trials, per day: | 1,500.00 |

Five hours actual deposition or trial time, maximum, total of eight hours including preparation and travel. Additional deposition or trial hours on same day, per hour or part thereof:        350.00  
Appointment cancellation with less than two (2) weeks' notice:  
        50 percent of fee for time reserved

Adminstrative fee of 1% per month on all account balances after 60 days.

**ADVANCE PAYMENT AND TRAVEL EXPENSE ADVANCE REQUIRED FOR ALL TRIAL AND DEPOSITION APPEARANCES.**

**EVIDENCE STORAGE:**

| | |
|---|---:|
| Per item per month (billed quarterly) | $ 25.00 |
| Tire scrapping fee, passenger tire: | 15.00 |
| Tire scrapping fee, truck tire: | 25.00 |

**TIRE TECHNOLOGY, LTD.** has access to extensive library material, test facilities, support services and technical specialists to suit specific client needs   SSN 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.

FORM 1999

ClibPDF - www.fastio.com