

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BLANCA PERALES, Individually and As Next Friend of ANN DELIA PERALES, a Minor, and ALMA DELIA PERALES, a Minor, and As Representative of the Estate of MARCO ANTONIO PERALES, Deceased, and SARA MARTINEZ PERALES | § § § § § § § § § § § | CIVIL ACTION NO. B-00-131 |
| VS. | | |
| BRIDGESTONE/FIRESTONE, INC. | | |

## JOINT REPORT OF THE MEETING AND
## RULE 26(f) JOINT DISCOVERY / CASE MANAGEMENT PLAN

1. State when and where the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting of the parties required by Rule 26(f) was held telephonically on January 15, 2001 between R. Bruce Tharpe for the Plaintiffs and Joseph A. (Tony) Rodriguez for the Defendant.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None at this time.

3. Briefly describe what this case is about.

   This is a wrongful death / products liability case that arises out of a fatal vehicular accident that occurred on or about May 30, 1999 when the vehicle in which the Decedent MARCO ANTONIO PERALES occupied lost control and rolled over, resulting in his ejection and subsequent death.

   The Plaintiffs contend that the accident was proximately caused by the disintegration of a defective tire manufactured by the Defendant

The Defendant denies liability.

4. Specify the allegation of federal jurisdiction.

Plaintiffs' Original Petition filed in State District Court was removed by the Defendant alleging diversity jurisdiction. The Plaintiffs have not filed a Motion For Remand.

5. Name the parties who disagree and the reasons.

The parties disagree as to the issue of proximate cause.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None at this time.

7. List anticipated interventions.

None anticipated at this time.

8. Describe class-action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Initial disclosures have been exchanged by both parties.

10. Describe the proposed agreed discovery plan, including:

   a. Response to all matters raised in Rule 26(f)

   Plaintiffs' response has been filed with the Court.

   b. When and to whom the Plaintiff anticipates it may send interrogatories.

The Plaintiffs anticipate propounding interrogatories to the Defendants within thirty (30) days of the Initial Pretrial Conference.

c.  When and to whom the Defendants anticipate it may send interrogatories.

The Defendants anticipate propounding interrogatories to the Plaintiffs within thirty (30) days of the Initial Pretrial Conference.

d.  Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiffs anticipate taking depositions of the Defendants and their designated representatives and any witnesses, within one hundred eighty (180) days of the date of the Initial Pretrial Conference.

e.  Of whom and by when the Defendant anticipates taking oral depositions.

Defendants anticipate taking depositions of the Plaintiffs and any witnesses, within one hundred eighty (180) days of the date of the Initial Pretrial Conference.

f.  When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The Plaintiffs will designate experts within thirty (30) days of the date of the Initial Pretrial Conference.

The Defendants will designate experts within sixty (60) days of the date of the Initial Pretrial Conference.

The Plaintiffs will provide reports required by Rule 26(a)(2)(B) within ninety (90) days of the date of the Initial Pretrial Conference.

The Defendants will provide reports required by Rule 26(a)(2)(B) within one hundred twenty (120) days of the date of the Initial Pretrial Conference.

    g.    List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

          Plaintiff anticipates taking depositions of the Defendants' experts within one hundred eighty (180) days of the Initial Pretrial Conference.

    h.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

          Defendants anticipate taking the depositions of the Plaintiffs' experts before depositions of the Defendants' experts, within one hundred fifty (150) days of the Initial Pretrial Conference.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    We have agreed.

12. Specify the discovery beyond initial disclosures that have been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    On or before December 15, 2001.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties expect that voluntary mediation will be possible after the completion of discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have discussed the basis for their differing opinions about the value of the case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Voluntary mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The Parties do not object to this case being assigned to the U.S. Magistrate.

18. State whether a jury demand has been made and if it was made on time.

    A timely jury demand has been made.

19. Specify the number of hours it will take to present evidence in this case.

    Undetermined at this time.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None at this time.

21. List other motions pending.

    None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None known at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The parties have filed a Disclosure of Interested Parties prior to the Initial Pretrial Conference.

24.  List the names, bar numbers, addresses, and telephone numbers of all counsel.

PLAINTIFFS' COUNSEL:

R. Bruce Tharpe
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 - Fax
Texas State Bar ID No. 19823800
Federal Bar ID No. 13098

Joe Valle
ATTORNEY AT LAW
1120 East 10th Street
Brownsville, Texas 78520
(956) 546-2829
(956) 542-4084 - Fax
Texas State Bar ID No. 2401224
Federal Bar ID No. 23807

DEFENSE COUNSEL:

Mr. Patrick Zummo
ZUMMO, MITCHELL & PERRY, L.L.P.
Three Allen Center
333 Clay, Suite 4100
Houston, Texas 77002
Texas State Bar ID No. 22293450
Federal Bar ID No. _____

LOCAL COUNSEL (Defense):

Mr. Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Texas State Bar ID No. 17146600
Federal Bar ID No. 10107

Respectfully submitted on this __16th__ day of January, 2001.

By: _R. Bruce Tharpe_____
    R. BRUCE THARPE

By: _R. Bruce Tharpe (signed by permission)_
    JOSEPH A. (TONY) RODRIGUEZ